O

# United States District Court
# Central District of California

| | |
|---|---|
| DIAMOND CAVAZOS RIVAS,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., *et al.*<br><br>    Defendants. | Case № 2:13-cv-03832-ODW(AJWx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [16]** |

## I.   INTRODUCTION

On July 5, 2016, pro se Plaintiff Diamond Cavazos Rivas moved for reconsideration of the Court's Order dismissing her Complaint without prejudice for lack of prosecution. The Court construes Plaintiff's Motion as one for relief from judgment under Rule 60(b). For the reasons discussed below, the Court **DENIES** the Motion. (ECF No. 16.)[1]

## II.   FACTUAL BACKGROUND

On May 29, 2013, Plaintiff filed a Complaint against Defendant Wells Fargo Bank N.A., Wells Fargo Advisors LLC, Melissa Martinez Cresser, Sadie Tyler Sheperd, Linda Larsen, and Teresa Moseley. (ECF Nos. 1, 5.) Plaintiff, who was previously employed by Wells Fargo, alleges that she was subjected to repeated and

---

[1] After consider the moving papers, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

unwanted sexual advances by Cresser.  (Compl. 1–4, ECF No. 5.)  On June 10, 2013, the Court denied without prejudice Plaintiff's request to proceed *in forma pauperis* ("IFP") because she did not complete the IFP form.  (ECF No. 2.)  A month later, Plaintiff filed an amended IFP request, which the Court granted.  (ECF Nos. 3–4.)  On November 22, 2013, the Court ordered Plaintiff to show cause no later than December 6, 2013, why the case should not be dismissed for lack of prosecution based on her failure to file proofs of service for any Defendant.  (ECF No. 10.)  On December 12, 2013, after not receiving a response from Plaintiff, the Court dismissed the case without prejudice.  (ECF No. 11.)

In addition to the foregoing, Plaintiff also filed another action approximately two weeks after her initial IFP request was denied.  (Complaint, *Rivas v. Wells Fargo Bank*, No. 2:13-cv-04626-JFW-VBK (C.D. Cal. Nov. 12, 2013), ECF No. 3 ("*Rivas II*").)  The Complaint in *Rivas II* made the exact same allegations against the same Defendants.  (*Id.*)  *Rivas II* was assigned to Judge Walter.  Defendants Cresser, Shepherd, Larsen, and Mosley moved to dismiss Plaintiff's Complaint in that case.  (*Rivas II*, ECF No. 8.)  On December 4, 2013, Judge Walter dismissed *Rivas II* without prejudice, on the basis that Plaintiff had previously filed an identical case that was still pending in this district.  (*Rivas II*, ECF No. 12.)

On December 16, 2013, Plaintiff moved in this matter for (1) reconsideration of the order dismissing the action for lack of prosecution, (2) an order extending the time in which to serve Defendants, and (3) to consolidate this matter with *Rivas II*.  (ECF No. 12.)  Plaintiff argued that she assumed that this matter was closed after her initial IFP request was denied, and thus she focused her attention solely on *Rivas II*—where she did serve at least the individual Defendants.  (*Id.*)  Based on this explanation, the Court granted the motion for reconsideration of the dismissal and the motion to extend time to serve Defendants.  (ECF No. 13.)  The Court thus reopened the case and extended the time in which Plaintiff could respond to the original order to show cause until January 14, 2014.  (*Id.*)  However, with the *Rivas II* matter closed, the Court

denied the motion to consolidate.  (*Id.*)

On February 7, 2014, after Plaintiff once again failed to file any proofs of service or a response to the order to show cause, the Court dismissed the action without prejudice.  (ECF No. 14.)  Years later, on July 5, 2016, Plaintiff moved the Court to reconsider its dismissal.  (ECF No. 16.)  That Motion is now before the Court for consideration.

### III.  LEGAL STANDARD

It has been over two years since the Court last dismissed the action, and thus this Motion should be treated not as one for reconsideration, but rather as one for relief from judgment under Rule 60(b).  *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) ("[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [twenty-eight] days of entry of judgment.  Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." (citations omitted)).

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (b)(6).  To evaluate whether to grant relief under subsection (b)(1), the Court examines four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).  However, these factors do not constitute "an exclusive list."  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (per curiam).  In addition, a motion under Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

Subsection (b)(6), on the other hand, is a catch-all provision that is "used

sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.*

## IV. DISCUSSION

Plaintiff argues that Defendants' responsive pleadings in *Rivas II* were sufficient to satisfy this Court's original orders to show cause in this case. (Mot. 5, ECF No. 16.) She also states that, in December 2013, she "went under disability medical care by a license[d] physician due to [the] stress incurred by this pending case matter," and that she has not returned to work since that time because of her stress. (*Id.* at 6.) Plaintiff appears to argue that this justifies the delay in filing this Motion. The Court disagrees with both arguments.

As to the first argument, Plaintiff is simply incorrect. As was made clear to Plaintiff in the Court's Order granting relief from the original dismissal, Plaintiff must serve Defendants with the Complaint in *this* action if she wishes to maintain it. (First Relief Order at 5, ECF No. 13 ("Rivas must file a proof of service on all defendants against whom she intends to proceed by January 14, 2014, or the court will once again dismiss the action for failure to prosecute and failure to follow court orders.").) *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

Plaintiff's second argument essentially seeks relief based on excusable neglect under Rule 60(b)(1). However, because this Motion was filed more than a year after dismissal of the action, it is barred under Rule 60(c)(1). But even if the Court construed the argument as one under Rule 60(b)(6), the Court would still not grant relief. Plaintiff has been aware of the dismissal in this action for almost two and a half years, and the Court is not persuaded that the "stress incurred by this pending case

matter"—a matter which Plaintiff did virtually nothing to advance—was of such a degree that she was incapable of bringing this Motion at an earlier date. *Alpine Land & Reservoir Co.*, 984 F.2d at 1049 (relief under Rule 60(b)(6) "is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief").

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. (ECF No. 16.)

**IT IS SO ORDERED.**

September 16, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**